UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE BREWER, | |
| Plaintiff, | No. 21 C 294 |
| v. | Judge Thomas M. Durkin |
| THE LAW OFFICES OF MITCHELL D. BLUM & ASSOCIATES, LLC AND CF MEDICAL LLC, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Tyrone Brewer alleges that Defendants sent him a debt collection letter with part of his account number showing through the envelope's glassine address window in violation of the Fair Debt Collection Practices Act ("FDCPA"). Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). R. 19. That motion is granted.

The FDCPA prohibits "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails." 15 U.S.C. § 1692f(8). The Seventh Circuit has explained that this means that debt collectors "may not use any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business." *Preston v. Midland Credit Mgmt., Inc.*, 948 F.3d 772, 784 (7th Cir. 2020). In *Preston*, the Seventh Circuit found that even including the phrase "time sensitive document" on the envelop violates this provision of the statute. *Id.*

Brewer argues that, according to *Preston*, Defendants' failure to ensure that part of his account number did not show through the address window violates § 1692f(8). Perhaps this is true.

But the Seventh Circuit has repeatedly held that "a breach of the [FDCPA] does not, by itself, cause an injury in fact." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 779 (7th Cir. 2021); *see also Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) ("a plaintiff must do more than allege an FDCPA violation to establish standing"). Rather, the violation must also be accompanied by plausible allegation of "personal harm." *Bazile*, 983 F.3d at 279. An "FDCPA violation that did not injure [the plaintiff] in any concrete way, tangible or intangible. . . . [is] impermissible under Article III" and must be "dismissed for lack of standing." *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066-67 (7th Cir. 2020).

Brewer argues that disclosure of private information—like his account number—to third parties is an actionable harm. *See* R. 22 at 2. The cases Brewer cites, however, all involved disclosure of complete information that could be used to determine that the plaintiff was a debtor. *See id.* at 3-4. 7 (citing *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (complete account number and scannable QR code revealing the plaintiff's debt amount); *DiNaples v. MRS BPO, LLC*, 934 F.3d 275 (3d Cir. 2019) (QR code revealing complete account number); *Donovan v. Firstcredit, Inc.*, 983 F.3d 246 (6th Cir. 2020) (partially transparent envelope revealing the phrases "payment in full enclosed" and "I need to discuss this")). Here, by contrast, Brewer alleges that only part of his account number was

revealed on the envelope. Brewer has not explained how anyone could learn anything about him using the partial account number.

Nevertheless, Brewer argues further that partially revealing his account number is an actionable harm because "[e]ven if nobody ever deciphers the meaning of the account number, its public display creates a real risk that the consumer's private information will be exposed, which is enough for Article III standing." R. 22 at 4. In support, Brewer cites the Supreme Court's holding in *Spokeo v. Robins* that a "risk of real harm" can create standing. *See* 578 U.S. 330, 341 (2016). The Court is skeptical that Brewer has plausibly alleged any "real risk." But even if he has, the Supreme Court recently clarified that a risk of harm constitutes an injury in fact only in the context of a claim for injunctive relief. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210-11 (2021). In other words, prospective harm is sufficient to seek prospective relief; but a claim for damages must be accompanied by allegation of a "concrete harm" that has already occurred. *Id.* Brewer does not seek injunctive relief. And as discussed, Brewer has not plausibly alleged that disclosure of a partial account number is a concrete harm.[1]

Therefore, Defendants' motion to dismiss [19] is granted. The dismissal is with prejudice because the facts of this case are straightforward and undisputed and there is nothing in Brewer's complaint or arguments indicating that he can amend his pleadings to cure the deficiencies described in this order.

---

[1] Even if Brewer had formally requested an injunction, the Court is skeptical that such relief would be appropriate when it is not plausible that disclosing a partial account number constitutes any risk at all.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 4, 2021

4